## Filoon Estate

*Harry M. Sablosky*, for accountant.
*Paul P. Wisler*, for Commonwealth.

HOLLAND, P. J., May 19, 1950.—The first and final account of Charles A. Filoon, executor, was audited February 6, 1950. The account shows a combined balance of principal-personalty and income-personalty for distribution in the sum of $80,363.33. . . .

The Commonwealth of Pennsylvania, Department of Revenue, filed 10 exceptions, all of which may be considered together as they raise the question whether items in the credit side of the account aggregating $26,716, representing expenditures for a mausoleum, cemetery lot, and fund for perpetual care ($2,000 of the $26,716), are properly allowable as deductions for the calculation of inheritance tax. Exception number 10 summarizes the other nine exceptions and states that the Commonwealth has allowed $5,000 as deductions, and that the interested parties claim $7,000 more or $12,000 in all. Of course, these items have all been paid with the consent of the interested parties so that there is no exception as to their payment. The only question is whether $5,000 is a proper deduction in this estate of about $80,000 gross on account of these items for inheritance tax purposes.

The Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, sec. 2, as last amended by the Act of May 27, 1943, P. L. 757, sec. 1, 72 PS §2302, is decisive of this question. Since at the argument at the audit and in the briefs it is conceded that $2,000 of the $5,000 allowed by the register is a "reasonable amount, the entire interest or income from which is to be perpetually applied to the care and preservation of the family burial lot or lots, their enclosures and structures erected thereon", it remains to decide whether the remaining $3,000 of the $5,000 is sufficient for "reasonable expenses for the erection of monuments or gravestones, grave and lot markers".

In the first place any direction of the amount to be spent for this purpose contained in the will of a testa-

tor has no bearing on the question. The interested parties argue that since testatrix authorized in the will $12,000 to be spent, that amount should be allowed as a deduction, notwithstanding they actually spent over twice that much. They seem to infer that it is a concession on their part that they do not ask for a deduction of $26,716 rather than $12,000, the amount provided in the will. Obviously, the opinion of testatrix expressed in her will has no bearing on what constitutes "reasonable expenses" for these items. Furthermore, it is equally apparent that, when the legislature used the terms "monuments or gravestones, grave and lot markers", it never contemplated a mausoleum. It plainly inferred that any decedent or party interested in the estate desiring to indulge in the vanity and superfluity of a mausoleum could pay for it themselves and pay the tax on the expenditure.

It is further reduced to the narrower question whether $3,000 would constitute "reasonable expenses for the erection of monuments, or gravestones, grave and lot markers" in an estate of $80,000. The word "reasonable" suggests that it is a matter of discretion by the tribunal hearing the issue. Certainly an elaborate monument with accompanying gravestones and grave and lot markers can be had for $3,000, regardless of the size of the estate, and such a memorial and decoration in good taste is all that is allowed by the statute as a deduction. The 10 exceptions of exceptant are sustained and the allowance of $5,000 by the register as deductions for these items is approved. . . .

The account is confirmed, and the accountant directed to pay the awards forthwith. Counsel for accountant shall file a schedule of distribution in duplicate.

And now, May 19, 1950, this adjudication is confirmed nisi.